UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS OKEEFE,

                          Plaintiff,

          -against-

DEPARTMENT OF CORRECTIONS; NEW
YORK CITY; UNAMED PERSONS,

                          Defendants.

23-CV-6388 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

         Plaintiff, who is currently detained in the Otis Bantum Correctional Center ("OBCC") on

Riker Island, brings this *pro se* action alleging the Defendants violated his rights when he was

detained in the Anna M. Kross Center ("AMKC") on Rikers Island.[1] By order dated July 26,

2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without

prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

         The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Plaintiff was detained in AMKC at this time he filed this action.

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the City of New York, the "Department of Corrections," which the Court understands to be the New York City Department of Correction ("DOC"), and "Un[n]amed Persons," which the Court understands to be an unspecified number of unidentified John Doe defendants. Plaintiff states that the events giving rise to his claims arose

at AMKC between September 15, 2022, and July 7, 2023. Plaintiff alleges that Defendants are

violating the rights of another detainee, Andre Antrobus, and retaliating against Plaintiff and

other detainees for assisting Antrobus.

> Plaintiff alleges,

> We are following Andre Androbus [sic] footsteps he sends out at least 5 _____ to each agency like example DA's offices crim ct, sup ct petty fogger and other agencies to have a paper trial cause they withheld his mail, take his evidence. Retaliation against him, sent 'hits' by contracting inmates to case serious injuries (gang assaults, 300 [degree] burns, slashings, stabbings, etc)[.] Also we see why he's in here, he has documents and video's requested of them assaulting, falsely arresting him. DA and one police threatening him to place false charges on him. The community and [illegible] how the community works. And NYPD corruption on his website since the 90's like melion [illegible].

(ECF 1, at 4.)[3]

> Plaintiff further alleges,

> Since I helped Mr. Androbus [sic], they blocked and open my mail. Also unreasonable seizures of favorable exonerating evidence. Send people to assault me several times[,] especially in the bathroom. I asked several times for c.c.t.v footage and was denied[.] I was gang assaulted, hit my head and back on iron utensils. I was retaliated on for helping and every week I been gang assaulted in the bathrooms by the employees of D.O.C. Retaliated on, my mail was open block and all evidence taken.

(*Id.* at 4-5.)

> Plaintiff seeks money damages.

## DISCUSSION

### A.    Plaintiff cannot bring claims on behalf of Andre Antrobus

The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows

two types of representation: "that by an attorney admitted to the practice of law by a

governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank*

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

*of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted).

"[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's

behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone*

*v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff has not alleged any facts suggesting that he is an attorney. Therefore, he cannot

assert any claims on behalf of Antrobus, and the Court dismisses any claims Plaintiff asserts on

behalf of that individual.

**B.    Plaintiff does not allege viable claims on his own behalf**

1.    Interference with mail claims

The Court liberally construes Plaintiff's claims that Defendants interfered with his mail

as arising under the First Amendment. A prisoner's First Amendment rights encompass the right

to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and

outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351

(2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-

legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d

at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's allegations concerning his legal mail implicate both an access-to-courts claim

and a general mail tampering claim.

a.    Access-to-courts claim

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number

of derivative rights, including the right to access legal materials to prepare a case, and the right

of indigent inmates to be provided with paper and pens to draft legal documents and stamps to

mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S.

at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation

and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92–93 (2d Cir. 2004) (internal quotation marks and citation omitted). Assistance from prison authorities, however, is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff is a pretrial detainee with pending criminal proceedings. He does not allege any facts suggesting that he is pursuing a "nonfrivolous, 'arguable' underlying claim" that has been hindered as a result of delays, withholding, or opening of his mail. *Harbury*, 546 U.S. at

415. Furthermore, even if Plaintiff, who is presumably represented by counsel in his pending criminal case, is pursuing a meritorious legal issue arising from his criminal proceedings, he does not allege any facts explaining why his counsel would be unable to assert the claim on his behalf. *See Bourdon*, 386 F.3d at 98. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his defense attorney could not raise any arguments in his criminal case, he fails to state an access to courts claim under the First Amendment.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual DOC officers whom he alleges violated his rights and alleging additional facts to state a Section 1983 access-to-the-court claim.

b.   Mail tampering claim

To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.* at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that Defendants interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. He asserts that his mail was "blocked" and "open[ed]" (ECF 1, at 4), but he does not state when, how often, or by whom his mail was blocked or opened. To the extent Plaintiff is alleging that his mail was opened or delayed, he alleges no facts suggesting that these actions were the result of unjustified

government censorship or tampering. Plaintiff's allegations do not suggest that Defendants subjected him to regular and unjustifiable interference with his mail or that such interference affected his ability to access the courts. Moreover, Plaintiff does not name as defendants the individual DOC officers whom he alleges interfered with his mail.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual DOC officers, including those in the mailroom, whom he alleges violated his rights and alleging additional facts sufficient to state a Section 1983 access to the court or mail tampering claim. For an access-to-the-court claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel. In support of a mail tampering claim, he must allege facts indicating that named defendants subjected him to regular and unjustifiable interference with his mail.

2.    Property claim

A claim for deprivation of property is not recognized in federal court if the relevant state court provides a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). In New York state, "the availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners). Thus, "even the intentional destruction of an inmate's property by a prison officer does not violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (identifying that New York state law provides pretrial detainees with an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act).

Plaintiff alleges that unspecified persons have "seiz[ed] . . . favorable exonerating evidence." (ECF 1, at 4.) To the extent he seeks damages for the loss of property, he fails to allege facts demonstrating that his available state remedies are in any way inadequate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990). Plaintiff's claim concerning the loss of his property is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3.    Excessive force claim

The Court construes Plaintiff's allegation of being assaulted by DOC employees as asserting an excessive force claim under the Fourteenth Amendment. *See Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). To state such a claim, a plaintiff must allege facts showing that a correction officer engaged in an "exercise of power without any reasonable justification in the service of a legitimate government objective." *Id.* (citation omitted); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (noting a pretrial detainee asserting an excessive force claim must show only that the force used against him was objectively unreasonable and is not required to prove the defendant's subjective intent, as has been required in cases involving convicted prisoners).

Plaintiff indicates that he was "gang assaulted in the bathrooms" by DOC officers on several occasions (ECF 1, at 5), but he does not provide any facts explaining what occurred. The Court grants Plaintiff leave to state more facts regarding this claim because, without more, the Court cannot determine whether Plaintiff states a claim on which relief may be granted. Plaintiff should also name as defendants the individual DOC officers whom he alleges assaulted him.

4.    Retaliation claim

Plaintiff suggests that correction officials at AMKC violated his and other detainees' rights in retaliation for providing unspecified assistance to Andre Antrobus. His assertions could be read as an attempt to assert a First Amendment retaliation claim. To state such a claim, a

prisoner must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected conduct and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (citation and alteration omitted). An adverse action is any "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (quotation marks omitted). "In order to satisfy the causation requirement, allegations must be sufficient to support the inference that the speech played a substantial part in the adverse action." *Davis*, 320 F.3d at 354. For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009); *see also Mateo v. Fischer*, 682 F.Supp.2d 423, 435 (S.D.N.Y. 2010) (endorsing incorporation of circumstantial evidence of causation "where the adverse action occurs soon after the protected activity," and holding that, where a false misbehavior report was filed one day after he filed a grievance, causation requirement was met) (citation omitted).

Nevertheless, "because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act," the Second Circuit has instructed that district courts must "approach prisoner retaliation claims with skepticism and particular care." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quotation marks omitted); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("Retaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." (quotation marks omitted)). Accordingly, First Amendment retaliation claims must be "supported by specific and

detailed factual allegations" and may not be stated "in wholly conclusory terms." *Dolan*, 794 F.3d at 295 (citation omitted).

Here, Plaintiff does not provide sufficient facts to suggest a viable claim for retaliation. He does not allege that, in assisting Antrobus, he engaged in any protected activity under the First Amendment for which correction staff took adverse action against him. Nor does Plaintiff allege facts sufficient to suggest a causal connection between the unspecified conduct and the alleged actions taken against him. *See Espinal,* 558 F.3d at 129. Plaintiff thus fails to state a First Amendment retaliation claim upon which relief can be granted.

The Court grants Plaintiff leave to allege facts in an amended complaint sufficient to state a claim of retaliation under Section 1983; specifically, he must allege facts showing a causal connection between his protected activity and any adverse action. In the amended complaint, Plaintiff should provide additional facts explaining the alleged assistance he provided to Antrobus, including the dates of the conduct, and how his assisting Antrobus led to the alleged violations of his rights.

## C.     Claims against DOC and the City of New York

### 1.     Claims against the New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against DOC.

*See* N.Y. City Charter ch. 17, § 396. Plaintiff's claims against DOC will be considered as brought against the City of New York, which is named as a defendant.

2.    Claims against the City of New York

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that the City of New York has a policy, practice, or custom that has caused a violation of his federal constitutional rights. The Court, however, grants Plaintiff leave to plead in the amended complaint a municipal liability claim against the City of New York.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his access-to-court, mail tampering, excessive force, and retaliation claims, and to allege additional facts suggesting that the City of New York has a policy, practice, or custom that resulted in a violation of his rights. Plaintiff must name as defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at AMKC, during the 7-3 p.m. shift."

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include in the amended complaint all of the information that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## D.    New York Legal Assistance Group

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* N.Y. City Charter ch. 17, § 396.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6388 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                    -against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   □ Yes     □ No
               (check one)

___ Civ. _____ (   )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

*Rev. 01/2010*                              1

Defendant  No. 2        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border: 1px solid black; display: inline-block; padding: 4px;">

**Who did what?**

</div>

Defendant  No. 4        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.      Where in the institution did the events giving rise to your claim(s) occur?

_____


C.      What date   and   approximate   time   did   the   events   giving   rise   to   your   claim(s)   occur?

_____

_____

_____

<div style="border: 1px solid black; display: inline-block; padding: 4px;">

**What happened to you?**

</div>

D.      Facts:_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

        2.      What was the result, if any?
                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*               5

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<table>
<tr><td>

**On these claims**

</td><td>

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

</td></tr>
</table>

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:   Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>

**On other claims**

</td><td>

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

</td></tr>
</table>

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.      Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

_Rev. 01/2010_                                    6

6.     Is the case still pending?  Yes _____   No _____
       If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there
       judgment in your favor?  Was the case appealed?)  _____
       _____
       _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff    _____

                    Inmate Number           _____

                    Institution Address      _____

                                            _____

                                            _____

                                            _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

                    Signature of Plaintiff:  _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
## New York █ Legal Assistance Group

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____          _____
Signature                                          Date



**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
**New York  Legal Assistance Group**

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)**_____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**